IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WEEKS,<br><br>Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING IN PART PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND SETTING EVIDENTIARY HEARING<br><br><br><br>Civil Case No. 2:07-CV-601 TS<br><br>Criminal Case No. 2:98-CR-278 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Motion in part and will set this matter for an evidentiary hearing.

I.  BACKGROUND

On December 8, 1999, Petitioner, along with others, was named in a Superseding Indictment charging him with various securities violations. On July 15, 2002, Petitioner pleaded guilty to Count VI of the Superseding Indictment. In his plea agreement, Petitioner agreed to waive his right to appeal or collaterally attack his sentence. Petitioner was sentenced, on August

1

15, 2006, to 12 months plus 1 day in the custody of the Bureau of Prisons. Judgment was entered on August 17, 2006. Petitioner did not pursue direct appeal.

Petitioner timely filed this Motion on August 15, 2007. In his Motion, Petitioner makes six claims of ineffective assistance of counsel: (1) failure to meet and confer with Petitioner in a meaningful manner; (2) failure to conduct meaningful due diligence and discovery; (3) failure to inform the petitioner regarding the superseding indictment; (4) failure to file a motion to dismiss; (5) fraud on the court; and (6) failure to file an appeal.

## II.  ANALYSIS

A.   APPEAL WAIVER

In his plea agreement,[1] Petitioner waived both his direct and collateral appeal rights as follows:

> Fully understanding my right to appeal my sentence, as explained above, and in consideration of the concession(s) and/or commitment(s) made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, <u>except</u> I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute(s) of conviction, and (2) an upward departure from the final Sentencing Guidelines range determined by the Court.
> I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255[2]

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the

---

[1] Docket No. 246 in Case No. 2:98-CR-278 TS.

[2] *Id*. at ¶ 10.

waiver were knowingly and voluntarily made."[3]  In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[4]

      1.    *Scope of Appeal Waiver*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[5]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255.  The Court detects no ambiguity whatsoever in the language.

As indicated above, Petitioner's Motion raises various ineffective assistance arguments. The Tenth Circuit has held that a waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver.  Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are available."[6]  Two of Petitioner's ineffective assistance arguments challenge the voluntariness of his plea: the first and fifth.  The Court will

---

[3]*United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[4]*United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

[5]Docket No. 246 ¶ 10 in Case No. 2:98-CR-278 TS.

[6]*Cockerham*, 237 F.3d at 1187.

discuss those claims in more detail below.  The remaining arguments all fall within the scope of the waiver and will not be discussed. In addition to Petitioner's first and fifth claims, another of Petitioner's claims—the claim that his counsel failed to file an appeal after being directed to do so—requires further discussion and will be addressed below.

      2.      *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[7]  In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[8] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[9]  Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may now know the *specific detailed* consequences of invoking it."[10]

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily.  The language of the appeal waiver states that "[f]ully understanding my right to appeal my sentence . . . I knowingly,

---

[7]*Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[8]*Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[9]*Id*. (citations omitted).

[10]*United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined" and further that "I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[11]

Next, the Court considers whether there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner. The Court notes that Petitioner bears the "burden to present evidence from the record establishing that he did not understand the waiver."[12] Having reviewed the plea colloquy, the Court finds that it was adequate under Rule 11.

In addition to the plea colloquy, in the written plea agreement Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. . . . I have discussed this case and this plea with my lawyer as much as I wish to. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case, and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when the decision to enter the plea was made, and I am not now under the influence of drugs, medication, or intoxicants. Under the circumstances, I have no mental reservations concerning the plea."[13]

---

[11]Docket No. 246 ¶ 10 in Case No. 2:98-CR-278 TS.

[12]*United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

[13]Docket No. 246 in Case No. 2:98-CR-278 TS.

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

3.   *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[14]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[15]

Petitioner bears the burden of establishing a miscarriage of justice.[16]

First, there is no evidence that the Court relied upon an impermissible factor. Second, Petitioner's second, third, fourth, and sixth ineffective assistance of counsel claims do not allege ineffective assistance in connection with the waiver or the plea. Petitioner's first and fifth ineffective assistance claims do relate to the voluntariness of the plea and will discussed below. Additionally, while Petitioner's sixth ineffective assistance argument does not relate to the voluntariness of his plea or the waiver, it too will be discussed below. Third, the sentence issued here did not exceed the statutory maximum. Finally, the waiver is not otherwise unlawful and does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

---

[14] *Hahn*, 359 F.3d at 1327 (citations omitted).

[15] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[16] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

The Court finds that the majority of this collateral appeal is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice. Therefore, this Court will enforce Petitioner's waiver.

B.   INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner makes a number of ineffective assistance claims. Three of Petitioner's claims warrant further discussion. Petitioner contends, in his first and fifth ineffective assistance claims, that he was pressured into his guilty plea by his counsel. The Court interprets this as an attack on the voluntariness of his plea and will address it as such. Petitioner also contends that his counsel was ineffective for failing to file a Notice of Appeal after being directed to do so.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[17]

To successfully claim ineffective assistance then, Petitioner must show two things. First, he must show that Counsel functioned deficiently.[18] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[19] Second, he must show that Counsel's deficient functioning prejudiced

---

[17] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

[18] *Strickland*, 466 U.S. at 687.

[19] *Id.*

7

Petitioner's defense.[20]  "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[21]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[22]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[23]  In addition, in evaluating counsel's performance, the focus is "not what is prudent or appropriate, but only what is constitutionally compelled."[24]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[25]

### 1. *Voluntariness of the Plea*

Petitioner's Motion, particularly his first and fifth claims, argues that his plea was involuntary.  Petitioner's arguments center around Petitioner's contention that he was forced to plea because of his counsel's unpreparedness.  As stated above, the Court finds that Petitioner's plea was knowing and voluntary.

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[24] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[25] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002) (citation omitted).

The Court engaged in a detailed plea colloquy with Petitioner pursuant to Rule 11 of the Federal Rules of Criminal Procedure. During that plea colloquy, the Court took measures to ensure that Petitioner's plea was knowing and voluntary.

At the beginning of the change of plea hearing, Petitioner stated that no one threatened or forced him to plead guilty and that he was not promised anything that was not contained in the plea agreement.[26] Petitioner stated that he had fully discussed the charge against him, as well as the case in general, with his counsel and that he was satisfied with the advice and representation that his counsel had provided.[27]

The Court informed Petitioner of his rights and the fact that Petitioner would be waiving these rights by pleading guilty.[28] Petitioner was informed of the nature of the charges against him.[29] Petitioner affirmed that he had received a copy of the Superseding Indictment, had read it, and had discussed it with his counsel.[30] Petitioner was informed of the maximum possible penalty.[31] During the plea colloquy, the terms of the plea agreement were outlined in detail.[32] Petitioner stated that he had read the plea agreement, discussed with counsel, and understood the

---

[26]Docket No. 490 at 5:11-17 in Case No. 2:98-CR-278 TS.

[27]*Id.* at 5:18-6:2.

[28]*Id.* at 6:7-8:4.

[29]*Id.* at 9:8-17.

[30]*Id.* at 8:17-24.

[31]*Id.* at 11:25-12:8.

[32]*Id.* at 14:10-16:23.

agreement.[33] The Court also discussed that provision of the plea agreement which concerned the waiver of Petitioner's right to appeal and collaterally attack his sentence.[34] The Court then determined the factual basis for the plea.[35]

At the conclusion of the hearing, the Court made the following finding:

It is the finding of the Court . . . that: One, the defendant is fully competent and capable of entering an informed plea; second, the defendant's plea is entered knowingly and voluntarily; third, the defendant knows his rights and has waived them; fourth, the defendant is aware of the nature of the charge and the consequences of the plea; fifth, the plea is supported by an independent basis in fact containing each of the essential elements of the offense.[36]

In addition to the plea colloquy, as discussed above, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. . . . I have discussed this case and this plea with my lawyer as much as I wish to. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case, and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when the decision to enter the plea was made and I am not now under the influence of drugs, medication, or intoxicants. Under the circumstances, I have no mental reservations concerning the plea."[37]

---

[33]*Id*. at 13:17-22.

[34]*Id*. at 16:24-17:5.

[35]*Id*. at 17:6-25:10.

[36]*Id*. at 27:16-25.

[37]Docket No. 246 in Case No. 2:98-CR-278 TS.

The only evidence to support Petitioner's contention that his plea was not knowing and voluntary because of ineffective assistance of counsel are the claims made by in his Motion. Those claims are in direct contradiction with the sworn statements made by Petitioner at his change of plea hearing. Conclusory allegations of ineffective assistance of counsel are insufficient to overcome solemn declarations on the part of the petitioner that a guilty plea was knowingly and voluntary.[38]

Based on the above, the Court rejects Petitioner's claim that his plea was not knowing and voluntary due to ineffective assistance of counsel.

   2.   *Failure to File an Appeal*

Petitioner contends that in August and September of 2006, he approached his counsel and asked his counsel to appeal his conviction. Petitioner alleges that his counsel refused, stating that Petitioner had no right to appeal his conviction under his plea agreement.

The Supreme Court, in *Roe v. Flores-Ortega*,[39] established the rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."[40] If counsel does not file a requested appeal, a defendant is entitled to a new appeal without a showing that his appeal would likely succeed.[41] In *United States v. Snitz*,[42] the Tenth Circuit held that a defendant is entitled to an appeal if he told his

---

[38] *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996).

[39] 528 U.S. 470 (2000).

[40] *Id.* at 477.

[41] *Id.* at 484, 486.

[42] 342 F.3d 1154 (10th Cir. 2003).

counsel that he wanted to appeal, even if his counsel argued that the appeal was without merit.[43] In *United States v. Garrett*,[44] the Tenth Circuit applied *Flores-Ortega* and *Snitz* to a case in which the district court dismissed a § 2255 motion asserting ineffective assistance of counsel for failure to file an appeal, on the ground that the defendant had waived his right to appeal or collaterally attacks his sentence in his plea agreement.[45]  There the court held that if the defendant "actually asked counsel to perfect an appeal, and counsel ignored that request, he will be entitled to a delayed appeal."[46]  This is true "regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit."[47]

It is appropriate, therefore, to hold an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings to determine the issue of whether Petitioner requested his former counsel to file an appeal.  The Court will set this matter for an evidentiary hearing and will appoint counsel for Petitioner pursuant to Rule 8(c).

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:07-CV-601 TS) is DENIED IN PART.  It is further

---

[43]*Id*. at 1155-59.

[44]402 F.3d 1262 (10th Cir. 2005).

[45]*Id*. at 1265-66.

[46]*Id*. at 1267.

[47]*Id*. (citations omitted).

ORDERED that the Court will, by separate order, set this matter for an evidentiary hearing on the sole issue of whether Petitioner requested counsel to file an appeal on his behalf. It is further

ORDERED that the Court, by separate order, will appoint counsel pursuant to Rule 8(c).

SO ORDERED.

DATED   May 11, 2009.

                                        BY THE COURT:

                                        _____
                                        TED STEWART
                                        United States District Judge