IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WEEKS,<br><br>     Plaintiff,<br><br><br><br><br><br><br>     vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO EXPAND THE ISSUES AND/OR RECONSIDER ORDER PARTIALLY DENYING MOTION TO SET ASIDE OR CORRECT SENTENCE AND SETTING EVIDENTIARY HEARING<br><br><br><br><br>Civil Case No. 2:07-CV-601 TS<br><br>Criminal Case No. 2:98-CR-278 TS |

     This matter is before the Court on Petitioner's Motion to Expand the Issues and/or to Reconsider Order Partially Denying Motion to Set Aside or Correct Sentence and Setting Evidentiary Hearing. For the reasons discussed below, the Court will deny Petitioner's Motion and will set this matter for an evidentiary hearing on the sole remaining issue: whether Petitioner's counsel was ineffective for failing to file an appeal.

1

I. BACKGROUND

On December 8, 1999, Petitioner, along with others, was named in a Superseding Indictment charging him with various securities violations.  On July 15, 2002, Petitioner pleaded guilty to Count VI of the Superseding Indictment.  Petitioner was sentenced, on August 15, 2006, to 12 months plus 1 day in the custody of the Bureau of Prisons.  Judgment was entered on August 17, 2006.

Petitioner timely filed a § 2255 Motion on August 15, 2007.  In his § 2255 Motion, Petitioner made six claims of ineffective assistance of counsel: (1) failure to meet and confer with Petitioner in a meaningful manner; (2) failure to conduct meaningful due diligence and discovery; (3) failure to inform the petitioner regarding the superseding indictment; (4) failure to file a motion to dismiss; (5) fraud on the court; and (6) failure to file an appeal.

The Court issued an Order on Petitioner's § 2255 Motion on May 11, 2009.  In that Order, the Court found that most Petitioner's claims fell within the waiver of Petitioner's collateral appeal waiver contained in his plea agreement.  However, the Court noted that a waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[1]  The Court found that two of Petitioner's ineffective assistance arguments—the first and fifth—challenged the voluntariness of his plea.  Thus, the Court discussed those two claims.  The Court also discussed Petitioner's sixth claim: that his counsel was ineffective for failing to file an appeal.

The Court, after reviewing the plea agreement and the plea colloquy, concluded that Petitioner's guilty plea and the collateral appeal waiver were knowing and voluntary.  Therefore,

---

[1]*United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

the Court rejected Petitioner's first and fifth claims.  The Court went on to find that an evidentiary hearing was required to resolve Petitioner's ineffective assistance claim concerning his counsel's failure to file an appeal.

After the Court issued its Order, Petitioner was appointed counsel and an evidentiary hearing was scheduled.  Petitioner then filed the instant Motion seeking to expand the issues or for the Court to reconsider its prior Order.  The Court vacated the evidentiary hearing and heard oral argument on Petitioner's Motion on July 30, 2009.

## II.  DISCUSSION

Petitioner's Motion seeks to expand the issues in this proceeding and/or to have the Court reconsider its decision on Petitioner's § 2255 Motion.  In particular, Petitioner argues, as he did in his § 2255 Motion, that his plea was not knowingly and voluntarily entered into because his counsel was ineffective by failing to adequately investigate the case and failing to communicate with Petitioner to inform him of the merits of pleading guilty and foregoing a trial.  Petitioner also argues that he did not admit an essential element of the crime during the plea colloquy.

The government opposes Petitioner's Motion.  The government argues that the Court should construe the Motion as a second or successive § 2255 Motion, which would require authorization from the Tenth Circuit.  The government also argues that Petitioner has provided no valid basis for the Court to reconsider its prior order.  Rather, the government argues, Petitioner is simply seeking to revisit the issues raised in his § 2255 Motion which have been decided by the Court.

Petitioner replies that his Motion is not a second or successive § 2255 motion, because the argument in this Motion relate back to his original § 2255 Motion.  Further, Petitioner argues

that the Court should reconsider its prior Order in order to correct clear error or prevent manifest injustice.

Petitioner is correct that the current Motion should not be considered a second or successive § 2255 Motion. The Tenth Circuit has held that an otherwise untimely amendment to a § 2255 Motion

> "which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case."[2]

Petitioner's arguments are essentially the same argument raised in his § 2255 Motion. Therefore, Petitioner's claims in this Motion relate back to the original Motion and will not be considered a second or successive § 2255 Motion. The only new claim raised by the instant Motion is that Petitioner did not admit an essential element of the crime during the plea colloquy. This claim was not raised in the original Motion and is unrelated to the claims Petitioner made in the instant Motion. This claim falls well outside the one-year limitations period and would be considered a second or successive petition which would require circuit court approval. Therefore, the Court will not address that claim.

Petitioner's Motion essentially seeks reconsideration of the Court's previous Order denying, in part, his § 2255 Motion. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[3] A motion for reconsideration "is not

---

[2]*United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (quoting *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)).

[3]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[4]

The arguments raised by Petitioner in the instant Motion have already been addressed by the Court in its previous Order.  In his Motion, Petitioner argues that his plea was not knowing and voluntary because of his counsel was ineffective.  Petitioner raised precisely this argument in his § 2255 Motion.  The Court considered the argument and rejected it.  The Court considered the plea agreement and the plea colloquy and found that Petitioner entered into the guilty plea knowingly and voluntarily.  The Court noted that the only evidence to support Petitioner's contention that his plea was not knowing and voluntary because of ineffective assistance of counsel are the claims made in his Motion.  Those claims were in direct contradiction with the sworn statements made by Petitioner at his change of plea hearing.  The Court stated that conclusory allegations of ineffective assistance of counsel are insufficient to overcome solemn declarations on the part of the petitioner that a guilty plea was knowingly and voluntary.[5]  As a result, the Court rejected Petitioner's arguments.

The same result is warranted here.  Petitioner raises nothing new in this Motion. Therefore, the Court will deny Petitioner's Motion and set this matter for an evidentiary hearing on the sole remaining issue: whether Petitioner's counsel was ineffective for failing to file an appeal.

---

[4] *Id.*

[5] *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996).

III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Expand the Issues and/or to Reconsider Order
Partially Denying Motion to Set Aside or Correct Sentence and Setting Evidentiary Hearing
(Docket No. 13) is DENIED.  The Court sets this matter for an evidentiary hearing on September
8, 2009, at 2:30 p.m. on the remaining issue of whether Petitioner's counsel was ineffective for
failing to file an appeal.

DATED   August 5, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge